UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. S1-4:18CR00925 AGF (NCC) |
| | ) | |
| DIONDREY HARDWICT, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This matter is before the Court on the Defendant's pretrial motions.   All pretrial

motions were referred to United States Magistrate Noelle C. Collins under 28 U.S.C. §

636(b).   Defendant Darrell L. Walker filed a Motion to Suppress Evidence, Statements

and Identification and Statements.   (Doc. No. 31).[1]   Defendant is charged in a

Superseding Indictment with one count of knowingly and intentionally distributing a

controlled substance, resulting in death, in violation of 21 U.S.C. § 841(a) and punishable

under 21 U.S.C. § 841(b)(1)(C), occurring on or about May 17, 2018; and one count of

knowingly and intentionally possessing with the intent to distribute fentanyl, a Schedule

---

[1] In addition, Defendant filed a Motion for Order Requiring Government to Disclose the
Full Nature and Extent of Consideration Offered to or Sought by the Government and its
Agents on behalf of Informants (Doc. No. 56), which the Magistrate Judge granted in part
and denied in part. He had also filed a Motion to Dismiss Indictment for Failure to State a
Claim (Doc. No. 30), which the Magistrate Judge denied as moot following Defendant's
statement at the evidentiary hearing that he was no longer proceeding on the motion
following the filing of the superseding indictment.   As Defendant did not object to either
of these rulings, the Court will not further address these motions.

II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and punishable under 21

U.S.C. § 841(b)(1)(C), occurring on or about July 2, 2018.   (Doc. No. 46).

In his motion to suppress, Defendant alleges that the identification made by eye-

witness J.R. from a photo-array should be suppressed as unduly suggestive and also

unreliable in light of the witness' background, incentive to ingratiate himself, and the fact

that he was under the influence.   He alleges that a later identification made by a

confidential informant (CI) from a single photograph should also be suppressed as unduly

suggestive.   Defendant also seeks to suppress on various grounds toll records and cell

site information for Defendant's cell phone obtained pursuant to a state search warrant

(Govt. Ex. 2), and the evidence obtained from a later search of his residence pursuant to a

state search warrant (Govt. Ex. 3).[2]

Judge Collins held an evidentiary hearing on January 16, 2020, at which Florissant

Police Detective Eric Schlueter testified and was subject to cross-examination.

Following a filing of a transcript of the hearing, Judge Collins issued a Memorandum and

Report and Recommendation ("R&R"), recommending that Defendant's motions to

suppress be denied.   (Doc. No. 67.)   Defendant filed fairly general objections to the

R&R, essentially challenging the conclusions in the R&R.   Defendant asserts that the

identifications were unduly suggestive as both were the result of presenting only a single

photograph.   He also challenges the validity of the search warrant for his cell phone

---

[2] Defendant also moved to suppress two statements he made to officers after being
advised of his *Miranda* rights.   However, Defendant did not object to the Magistrate
Judge's denial of Defendant's motion with respect to the statements, and from this
Court's review of the record, the Court finds no basis to suppress either of the statements.

records for failure to disclose information about the eye-witness and his history, and the validity of the search warrant covering his residence for failure to disclose the CI's criminal history, and challenges both warrants for failure to comply with Rule 41, Fed. R. Crim. P.   (Doc. No. 70.)   The Government responded to the Objections.

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motions to suppress, including a review of the transcript of the hearing, and reviewing the exhibits introduced at the hearing.   Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the issues.

For the reasons set forth more fully in the R&R, the Court finds that neither of the identifications were unduly suggestive.   Contrary to Defendant's statement in his objection, the first identification by the eye-witness was not made based on the presentation of a single photo, but rather was based on a fair photo array containing photos of Defendant and five similar looking males.   There was nothing unduly suggestive about the photo array or the identification procedures.   Though the Court need not reach this issue, on this record there is no substantial risk of misidentification, especially as the eye-witness was familiar with Defendant.   Defendant's objection to the second identification also fails.   Though the result of viewing only a single photograph,

3

the CI had known Defendant for approximately one year, and the Court agrees, for the reasons stated in the R&R, that there is no substantial risk of misidentification.

Based on a *de novo* review of the record, the Court also rejects Defendant's objections to the validity of the two state search warrants, for the reasons stated in the R&R.   The first search warrant was supported by ample probable cause, and there was no failure to disclose any material information regarding the eye-witness.   The second warrant covering Defendant's residence was also supported by ample probable cause. While little information was provided regarding the CI, the information provided was strongly corroborated by the officers' own investigation and observations, Defendant's criminal history, and two controlled purchases of narcotics that had connections to Defendant's residence.   Neither warrant is subject to challenge for failure to comply with Rule 41, Fed. R. Crim. P., because both were conducted in connection with and as a result of a valid state investigation, in which there was no involvement of or control by federal agents.

Thus, after careful and independent consideration, the Court will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Collins set forth in support of her recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum, and Report and Recommendation of United States Magistrate Judge [ECF No. 67] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence, Statements, and Identification [Doc. No. 31] is **DENIED**.

A final pretrial conference will be scheduled by separate Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2020.

5