UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v, | )   No. 4:18 CR 925 AGF |
| | ) |
| DIONDREY HARDWICT, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant DIONDREY HARDWICT, represented by defense counsel KEVIN BARNES, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count II of the Superseding Indictment, the government agrees to move for the dismissal as to the defendant of Count I at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this

1

District relative to the defendant's distribution of controlled substances on or about May 17, 2018, or his possession of controlled substances with the intent to distribute them on July 2, 2018. This agreement shall further foreclose any future federal prosecution related to the death of R.H. on May 17, 2018.

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the parties agree that the defendant's sentence should be 216 months. In addition, the parties agree that this sentence should run concurrently with any sentence imposed as to defendant's violation of his Supervised Release in case number 4:09 CR 00469 CAS. This agreement shall abide, notwithstanding the application or non-application of any particular Sentencing Guidelines, including any Guidelines contemplated by this agreement. If the Court informs the parties prior to sentencing that it will reject this agreement or that it intends to sentence defendant to a sentence not in conformity with this agreement, then either party may withdraw from the plea agreement and the defendant will have an opportunity to withdraw his guilty plea pursuant to Rule 11(c)(5).

The parties acknowledge that the jointly recommended sentence of 216 months likely represents an upward departure and/or variance from the advisory Sentencing Guidelines range as to Count II. However, the defendant acknowledges that in exchange for his agreement to the 216 month sentence, the government has agreed to dismiss Count I which, if proven beyond a reasonable doubt, would carry a mandatory minimum term of life without the possibility of parole. By virtue of his prior conviction for Possession With the Intent to Distribute Five Grams or More of Cocaine Base in case number 4:19 CR 00469 CAS, defendant is subject to an enhanced mandatory minimum sentence pursuant to Title 21, United States Code, Section

2

841(b)(1)(C). That section provides, in pertinent part, that where "death or serious bodily injury results from the use of such controlled substance" distributed by defendant, the sentence "shall be not less than 20 years," but if "any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to life imprisonment." The defendant recognizes that the 216 month agreed-upon sentence eliminates his potential exposure to a mandatory life sentence.

The defendant also agrees, pursuant to the guilty plea to Count II, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to $4,626.00 in United States currency seized from defendant's residence on July 2, 2018.

### 3. ELEMENTS:

As to Count II of the Superseding Indictment, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

1.      That on or about July 2, 2018 within the Eastern District of Missouri, the defendant possessed fentanyl, a Schedule II controlled substance, and;

2.      That he did so knowingly and intentionally, and;

3.      That at the time he possessed the fentanyl, he intended to distribute it.

### 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

3

On May 17, 2018, the Florissant Police Department responded to a medical emergency on Pacer Court in Florissant, Missouri within the Eastern District of Missouri. There, they discovered an unresponsive female, R.H., who was pronounced deceased. During the investigation into R.H.'s death, investigators learned that R.H. and others had been ingesting controlled substances. One witness reported having purchased controlled substances from a person he knew as "CJ." The witness provided investigators with access to his cellular telephone and identified a telephone number that "CJ" utilized. The medical examiner determined that R.H. had died of "acetyl fentanyl, fentanyl and cocaine intoxication" and would not have died but for the ingestion of the fentanyl.

In the weeks following May 17, 2018, investigators employed a variety of techniques in an effort to determine "CJ's" identity. Through these means, they identified defendant Diondrey Hardwict as "CJ." Thereafter, investigators utilized a confidential informant to conduct two controlled purchases of fentanyl directly from Hardwict. They then obtained a search warrant for Hardwict's residence on Nero Drive.

On July 2, 2018, investigators executed the search warrant at Hardwict's Nero Drive residence. Hardwict was present in the residence at the time. During a systematic search, investigators located controlled substances and items associated with the distribution of controlled substances. In addition, they recovered a cellular telephone corresponding to the telephone number the confidential informant had called to arrange the controlled purchases. This was the same telephone number the witness used to contact "CJ" on May 17, 2018.

Hardwict was arrested and advised of his *Miranda* rights. He waived his rights and agreed to answer questions. During his interview, Hardwict admitted that he had been selling "a

4

little bit of everything," including cocaine, heroin, and fentanyl. According to Hardwict, he sold drugs "to make ends meet." Hardwict stated that he sold heroin and/or fentanyl to "8 to 10" people, depending on the day. He reportedly advised customers whether they were receiving heroin or fentanyl.

Hardwict provided his cellular telephone numbers, including the same number that both the confidential informant and the May 17, 2018 witness had used to acquire controlled substances.

At the time of the execution of the search warrant on July 2, 2018, investigators recovered, in the aggregate, approximately 12.8 grams of fentanyl (as confirmed by laboratory tests). This fentanyl was packaged in more than 45 small bags and had been prepared for sale. In addition, investigators seized approximately 8 grams of cocaine base (as confirmed by laboratory tests). The cocaine base was packaged in at least 4 separate small bags and had been prepared for sale. Investigators also recovered a digital scale, an electronic money counter, and $4,626.00 in cash.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $1,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than 3 years.

## 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal

5

History Category. The parties agree that he following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

### a. Chapter 2 Offense Conduct:

(1) Base Offense Level: The parties agree that the base offense level is 20, as found in Section 2D1.1(c)(10). The parties agree that the quantity of **converted drug weight** for which the defendant is accountable, including relevant conduct, is more than 60 kilograms and less than 80 kilograms resulting in the agreed-upon Base Offense Level. Defendant is accountable for approximately 12.86 grams of fentanyl. When converted pursuant to the Drug Conversion Table, this quantity of fentanyl is equivalent to 32.15 kilograms of **converted drug weight.** Defendant is also accountable for 8.07 grams of cocaine base. When converted pursuant to the Drug Conversion Table, this quantity of cocaine base is equivalent to approximately 28.8 kilograms of **converted drug weight.**

(2) Specific Offense Characteristics: The parties agree that the following Specific Offense Characteristics apply: None.

### b. Chapter 3 Adjustments:

(1) Acceptance of Responsibility: The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said

6

evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2)  **Other Adjustments:**  The parties agree that the following additional adjustments apply:  None.

**c.  Other Adjustment(s) and Disputed Adjustments:**  None.

**d.  Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is 17, unless defendant is a Career Offender.  Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1.  If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI.  Defendant has discussed these possibilities with defense counsel.  Both parties reserve the right to argue that the defendant is or is not a Career Offender.

**The parties are in agreement that the recommended sentence of 216 months shall abide, notwithstanding the application or non-application of any Sentencing Guidelines as estimated herein.**

**e.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have

7

foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

### 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) **Sentencing Issues** In the event the Court accepts the plea, accepts parties' recommendation for an aggregate sentence of 216 months, both parties waive their right to appeal any and all sentencing issues, including Criminal History.

b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be

8

sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the

Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

### a. Disclosures Required by the United States Probation Office: The

defendant agrees to truthfully complete and sign forms as required by the United States

Probation Office prior to sentencing and consents to the release of these forms and any

supporting documentation by the United States Probation Office to the government.

### b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:

Nothing contained herein limits the rights and authority of the United States to take any

civil, tax, immigration/deportation or administrative action against the defendant.

### c. Supervised Release: Pursuant to any supervised release term, the Court will

impose standard conditions upon the defendant and may impose special conditions related to the

crime defendant committed. These conditions will be restrictions on the defendant to which the

defendant will be required to adhere. Violation of the conditions of supervised release resulting

in revocation may require the defendant to serve a term of imprisonment equal to the length of

the term of supervised release, but not greater than the term set forth in Title 18, United States

Code, Section 3583(e)(3), without credit for the time served after release. The defendant

understands that parole has been abolished.

### d. Mandatory Special Assessment: Pursuant to Title 18, United States Code,

Section 3013, the Court is required to impose a mandatory special assessment of $100 per count

for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by

9

the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

    **g. Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. [Defendant specifically agrees to the forfeiture of the following: $4,626.00 in United States currency seized from defendant's residence on July 2, 2018. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

    The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they

10

all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful

12

are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and

11

information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

4/13/2022
Date

SIRENA MILLER WISSLER #55374MO
Assistant United States Attorney

4-8-21
Date

DIONDREY HARDWICT
Defendant

4-8-21
Date

KEVIN BARNES    # 43263MO
Attorney for Defendant

13