# United States Court of Appeals
## For The Eighth Circuit

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

October 03, 2022

Mr. Diondrey Hardwict
FEDERAL CORRECTIONAL INSTITUTION
24136-044
P.O. Box 1000
Milan, MI  48160-0000

RE:  21-2724  United States v. Diondrey Hardwict

Dear Mr. Hardwict:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

Your attorney has been granted leave to withdraw. Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. A notice is attached to this letter, notifying you of the procedures.

Michael E. Gans
Clerk of Court

CNL

Enclosure(s)

cc:   Mr. Stephen R. Casey
      Mr. Nathan S. Cohen
      Mr. Gregory J. Linhares
      Ms. Sirena Miller Wissler

District Court/Agency Case Number(s):   4:18-cr-00925-AGF-1

Notice to Pro Se Litigants in Anders Cases

The court has issued its opinion in your appeal and has permitted your attorney to withdraw from the case. The court treated this appeal as an Anders case. Section V of the Eighth Circuit's Plan to Implement the Criminal Justice Act of 1964, effective August 1, 2015, provides as follows:

> Where counsel is granted leave to withdraw pursuant to the procedures of Anders v. California, 386 U.S. 738 (1967), and Penson v. Ohio, 488 U.S. 75 (1988), counsel's duty of representation is completed, and the clerk's letter transmitting the decision of the court will notify the defendant of the procedures for filing pro se a timely petition for panel rehearing, a timely petition for rehearing en banc, and a timely petition for writ of certiorari.

This notice will provide you with information about these procedures.

Under Federal Rule of Appellate Procedure 40(a)(1) and Federal Rule of Appellate Procedure 35(c), a petition for rehearing and/or petition for rehearing en banc must be filed within 14 days of the date of the court's judgment. Please note that your petition for rehearing/and or petition for rehearing en banc must be received in the clerk's office within that 14-day period. No grace period is allowed for mailing, and the date of the post-mark is irrelevant. Any petition for rehearing and/or petition for rehearing en banc which is not received within that 14-day period for filing may be denied as untimely. Under Federal Rule of Appellate Procedure 35(b) (2) petitions for rehearing are limited to 15 pages. Only one copy is required.

If you ask for an extension of time to file the petition for rehearing, your motion for extension of time must be received within the clerk's office within the 14 days allowed for filing the petition for rehearing. Under Eighth Circuit Rule 27A(15), the clerk may grant an extension of time not to exceed 14 days.

You may seek a writ of certiorari from the Supreme Court of the United States without filing for rehearing in the court of appeals. You may also seek rehearing in the court of appeals and then seek certiorari if the court of appeals denies your petition for rehearing. Under Supreme Court Rule 13, a petition for a writ of certiorari in a criminal case is timely if it is filed with the Clerk of the Supreme Court within 90 days after the entry of the court of appeals' judgment. The rule also provides that if a timely petition for rehearing is filed with the court of appeals, the 90-day period begins to run from the date the court of appeals denies the petition for rehearing.

The petition for the writ of certiorari is filed directly with the Clerk of the Supreme Court of the United States. You may contact the Clerk at the following address:

Clerk's Office
Supreme Court Building
1 First Street, N.E.
Washington, D.C. 20543
202-479-3000

United States Court of Appeals

For the Eighth Circuit

_____

No. 21-2724
_____

United States of America

*Plaintiff - Appellee*

v.

Diondrey Hardwict, also known as CJ

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 15, 2022
Filed: October 3, 2022
[Unpublished]
_____

Before SHEPHERD, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Diondrey Hardwict received a 216-month prison sentence after he pleaded guilty to possession with intent to distribute fentanyl.  *See* 21 U.S.C. § 841(a)(1), (b)(1)(C).  As part of the plea agreement, he signed a broad appeal waiver.

Hardwict's briefing suggests that the waiver is unenforceable and that the district court[1] should have reduced the restitution award or eliminated it altogether.

Upon careful review, we conclude that the waiver is enforceable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). And as to the specific restitution issue that Hardwict's counsel discusses, we conclude that there has been no error. *See United States v. Kramer*, 12 F.3d 130, 131–32 (8th Cir. 1993). We accordingly dismiss the appeal and grant counsel permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

_____

---

[1] The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

-2-